SAFE BUS v. A. J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 15 June, 1938.)

**Taxation § 27—**

> Sec. 203 of the Revenue Act of 1933, N. C. Code, 7880 (lll), imposing a franchise tax of six per cent of the total gross earnings on business therein enumerated, does not apply to the operation of buses for hire within a city, even though operated on definite routes, unless used in connection with or in substitution for a street railway.

APPEAL by plaintiff from *Phillips, J.,* at February Term, 1938, of FORSYTH. Reversed.

Action to recover certain franchise taxes paid under protest.

*Efird & Lüipfert, Price & Jones, and John J. Ingle for plaintiff.*
*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for defendant.*

DEVIN, J. The plaintiff corporation operates on the streets of Winston-Salem forty-one automobile buses for the transportation of Negro passengers for compensation, over fixed routes, according to city ordinance.

For the years 1933 to 1936, inclusive, the plaintiff paid, and the defendant accepted, license tax under ch. 375, Public Laws 1933 (codified in Michie's Code as sec. 2621 [29]), which imposed tax on the following basis: " 'For hire' passenger vehicles shall be taxed at a rate of $1.90 per hundred pounds of weight."

The defendant Commissioner of Revenue has now assessed franchise taxes against the plaintiff for these years under sec. 203 of the Revenue Act of 1933 (codified in Michie's Code as section 7880 [lll]). The pertinent portion of this section is as follows: "Sec. 203. Franchise or Privilege Tax, Electric Light, Power, Street Railway, Gas, Water, Sewerage, and Other Similar Public Service Companies Not Otherwise

Taxed. (1) Every person, firm or corporation, domestic or foreign, other than municipal corporations, engaged in the business of furnishing electricity, electric lights, current, power or gas, owning and/or operating a water or public sewerage system, or owning and/or operating a street railway, including automobile buses, for the transportation of freight or passengers for hire shall annually . . . make and deliver to the Commissioner of Revenue . . . a report and statement . . . containing the following information: (a) Such person, firm, or corporation shall pay an annual franchise or privilege tax of six per cent of the total gross earnings. . . ."

The plaintiff paid the franchise tax under protest and now seeks to recover back the amount paid therefor, contending that section 203 of the Revenue Act is inapplicable to the character and method of its operations.

The determination of the question here presented involves a construction of section 203 of the Revenue Act of 1933 (chapter 445). Section 203 appears in the Revenue Act of 1935 (chapter 371) in identical language. If this section applies to plaintiff's operations, plaintiff is not entitled to recover the amount assessed and paid. If the section is not applicable, then plaintiff has been required to pay taxes not lawfully assessed, and this action is well founded.

It is apparent that section 203 is primarily intended to fix the basis of taxation and to impose the rate to be paid by public utilities. It in terms applies to those engaged in the business of furnishing electricity, electric current, or gas, or operating a water system, or owning and operating, or merely operating, a street railway, including automobile buses, for the transportation of freight or passengers for hire, and requires reports of annual earnings and the payment of six per cent on total gross earnings. An examination of the Revenue Acts for several years prior to 1933 shows that section 203 had been biennially reënacted in substantially the same form until the Act of 1933 inserted the phase "including automobile buses" after the words "street railway," doubtless because automobile buses were then being largely substituted for street cars on rails, and it was intended that the tax on electric companies operating street railways should also be imposed when those companies operating automobile buses in connection therewith or in substitution therefor.

The contention of the Attorney-General that the addition to section 203 of the words "including automobile buses" has the effect of imposing the franchise tax of six per cent on gross earnings upon one operating automobile buses, whether connected with a street railway or not, finds some support from an analysis of the language used. However, upon consideration of both taxing statutes involved in this action, we reach the conclusion that section 203 of the 1933 Revenue Act was not intended

to apply to "for hire" passenger vehicles, even though operated on definite routes, unless used in connection with or in substitution for a street railway. The phrase "including automobile buses" appears to have been inserted parenthetically to modify the term "street railway" and as incident or pertinent thereto.

It may be noted that in the Revenue Act of 1937, section 203 has been amended so that this question will not likely arise again.

The ruling of the court below upon the facts agreed, that the plaintiff was not entitled to recover the franchise taxes paid under protest, must be held for error, and the judgment

Reversed.